## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth Transportation Commissioner

v.

Edwin W. Lynch, Jr., et al.

March 25, 1996

Case No. (Law) 111422

BY JUDGE RICHARD J. JAMBORSKY

After careful consideration, the Court denies Respondent's Motion to Vacate the Final Judgment Order.

### Background

On October 30, 1990, the Commonwealth Transportation Commissioner ("VDOT") initiated a condemnation action against Respondent Lynch's property and deposited its estimate of compensation for the taking (i.e., $1,016,755.00) with the Clerk of the Court. Lynch filed a Petition for Withdrawal of Condemnation Funds ("Drawdown Petition") and later obtained a Court order directing disbursement of the funds ("Payment Order"). The Payment Order ordered the Clerk of the Court to disburse the funds to Lynch, care of his attorney, and directed his attorney to use the funds to satisfy or partially satisfy the Deed of Trust on the property at issue. The Payment Order also stated the following:

> Further Ordered that in the event of an award in a condemnation proceeding being of lesser amount than that deposited with the Court, [VDOT] shall receive the amount of such excess, and if any person has been paid any greater sum than that to which he is entitled as determined by the award, judgment shall be entered in favor of [VDOT] against such person for the amount of such excess.

The Clerk of the Court disbursed a check to Lynch's attorney for $1,016,755.00 that was payable to Lynch. Lynch endorsed the check over to Dominion National Bank in partial satisfaction of the Deed of Trust.

Lynch requested a condemnation proceeding, and on May 12, 1995, the Commissioners awarded Lynch $451,000.00 as just compensation. VDOT obtained a judgment against Lynch on June 2, 1995, for $565,755.00, i.e., the difference between the $1,016,755.00 VDOT estimated the property to be worth and the $451,000.00 the Commissioners awarded Lynch through the condemnation proceeding.

According to Lynch, the Court should vacate VDOT's judgment against him because he never received the $1,016,755.00 but immediately endorsed it over to the bank. Lynch contends VDOT should have joined the Bank as a Defendant and sought a judgment against the bank for reimbursement. VDOT, on the other hand, maintains the Court should uphold the judgment because Lynch received the funds in spite of the fact that he had them for only a very short time.

*Analysis*

Respondent contends the pleadings, Payment Order, and the applicable statutes make it clear that he is not liable. Respondent focuses his attention on the following language of the Payment Order, which closely follows the language found in §§ 33.1-128 and 25-46.30 of the Virginia Code:

> Further Ordered that in the event of an award in a condemnation proceeding being of lesser amount than that deposited with the Court, [VDOT] shall receive the amount of such excess, and *if any person has been paid* any greater sum than that to which he is entitled as determined by the award, judgment shall be entered in favor of [VDOT] *against such person* for the amount of such excess. [Respondent's emphasis.]

According to Respondent's interpretation of the order, VDOT could have obtained a judgment against the Bank because the Bank is "any person" who has been paid the excess amount. Furthermore, Respondent maintains the Court could have been more specific in the Payment Order and ordered *Lynch* to pay back any excess he received. Likewise, the legislature could have been more specific in §§ 33.1-128 and 25-46.30 by making the landowner liable for reimbursement for withdrawals in excess of a final award of just compensation. The Court and the legislature, however, imposed

liability on the person who has been paid a greater sum than that to which he is entitled.

Respondent cites *Department of Trans. v. New Century Engineering*, 454 N.E.2d 635 (Ill. 1983), to support his argument. In *New Century Engineering*, the Department of Transportation initiated a "quick-take" proceeding to obtain land for road improvements. The landowner and mortgagee were joined as Defendants. The Department of Transportation deposited a preliminary compensation award (i.e., $325,000.00) with the county treasurer, and Defendants filed a joint petition requesting an order allowing the landowner and mortgagee to each withdraw a portion of the fund the Department of Transportation deposited. The court entered an order allowing the landowner to withdraw $137,500.00 and the mortgagee to withdraw $187,500.00. Later, a jury determined the just compensation for the property at issue was only $171,535.00, which was $153,465.00 less than the amount the Department of Transportation deposited as a preliminary compensation award. The Department of Transportation filed a petition requesting that the defendants be held liable jointly and severally for the amount the landowner withdrew (i.e., $137,500.00) and that the mortgagee be held individually liable for the amount it withdrew that exceeded the total amount the jury awarded (i.e., $15,965.00). The Illinois Supreme Court held the mortgagee was not liable for the amount withdrawn by the landowner but was liable for the amount it withdrew that exceeded the final award (i.e., $15,965.00).

The facts in *New Century Engineering* are slightly different from the instant case, but the Illinois Supreme Court ruling is instructive. In *New Century Engineering*, the landowner and the mortgagee *separately* withdrew amounts from the preliminary compensation fund. In the instant case, however, only Respondent withdrew the amount and thereafter immediately paid it to the mortgagee to partially satisfy a Deed of Trust. The Illinois Supreme Court explained why the mortgagee was not liable for the amount withdrawn by the landowner: "[The applicable statutes involved] clearly speak in terms of *individual responsibility* for refunds and tie the liability for the refund to the amount by which *the individual party's withdrawal* exceeds his or her share of the final award of compensation." *New Century Engineering* at 638. (Emphasis supplied.) In other words, each individual is responsible for the amount he or she obtained in excess of the final award. One person is not liable for the amount another withdrew in excess of the final award. Respondent contends the Illinois Supreme Court imposed liability on the party *receiving* the money. This is

not correct, however. The Court repeatedly refers to the statutes imposing liability on the person withdrawing the funds and not on the person who ultimately receives the funds. *See, Id.* at 638.

Sections 33.1-128 and 25-46.30 of the Virginia Code and the Payment Order impose liability on "any person [who] has *been paid* a greater sum than that to which he is entitled." Thus, the statutes and payment order are ambiguous because it is not clear whether the person liable is the person who withdrew the funds or the person who ultimately received the funds. The Court concludes the Payment Order must be interpreted as imposing liability on the person withdrawing the funds as opposed to the person or persons who ultimately received the funds. Were it otherwise, VDOT could recover against distant parties who innocently received the funds after the funds passed through many hands. Additionally, it is clear Respondent knew of the possibility that a final compensation award might be less than the amount VDOT estimated the property to be worth. It would be unfair of the Court to hold the bank liable for Respondent's use of funds to which he knew he might not be entitled.

Furthermore, § 25-46.28 of the Virginia Code empowers the court to distribute the funds held by the court to all parties having an interest in the property in proportions the court deems appropriate and fair. The statute also states all liens by deed of trust transfer from the property to the fund paid into the court. Hence, Virginia, like the majority of states, adheres to the theory that the fund stands in place of the property taken. *See, In re D'ellena,* 640 A.2d 530 (R.I. 1994). Additionally, § 25-46.28 provides that if the interested parties cannot agree on the amount of the fund they are entitled to receive, the Court can hold a hearing to determine the amount each interested party should receive and can distribute the appropriate portion of the fund to each interested party. Thus, the Court could have ordered the funds to be paid directly to the Bank or ordered that a portion be paid to Lynch and a portion be paid to the Bank but instead ordered the funds to be paid to Lynch, care of his attorney, and directed Lynch's attorney to pay the funds to the bank to partially satisfy the deed of trust on the property. Since neither VDOT nor Lynch objected to this order, the Court has not been asked to apportion the fund differently.